UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 22, 2005
Decided December 21, 2005

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

Nos. 04-2205, 04-2217

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee*, | Appeals from the United States <br> District Court for the <br> Western District of Wisconsin. |
| *v.* | |
| | No. 03-CR-150-S-02 |
| ROBERT SEELEY and EDUARDO RUIZ-HERNANDEZ, <br> *Defendants-Appellants*. | John C. Shabaz, *Judge*. |

## O R D E R

Robert Seeley and Eduardo Ruiz-Hernandez pleaded guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. In April 2004, the district court sentenced Seeley to 105 months' imprisonment, near the top of the applicable Sentencing Guidelines range (87 to 108 months), and Ruiz-Hernandez to 109 months' imprisonment, in the middle of the relevant range (97 to 121 months). Through an order dated September 7, 2005, we rejected Seeley's challenge to the district court's application of § 2D1.1(b)(1) of the Guidelines, which calls for a two-level increase to a

sentence "[i]f a dangerous weapon (including a firearm) was possessed." In addition, however, we ordered a limited remand in both Seeley and Ruiz-Hernandez's cases so that the district court could inform us whether it considered their sentences to be appropriate, given that the Guidelines are no longer mandatory. See *United States v. Booker*, 125 S. Ct. 738 (2005); *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). As this court held in *Paladino*, if the district court indicates that it would impose the same sentence, that sentence will be affirmed against a plain-error challenge so long as it is reasonable. 401 F.3d at 484. If a sentence is within the properly calculated Guidelines range, it is presumptively reasonable. See *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). A defendant can rebut this presumption only by demonstrating that her sentence is unreasonable when measured against the factors set forth in 18 U.S.C. § 3553(a). *Id.*

The district court has informed us that it would impose the same sentences on both Seeley and Ruiz-Hernandez under the advisory Guidelines. The court considered Seeley's argument that his close relationship with his parents, fiancée and young daughter, his lack of a significant criminal history, and his drug addiction supported a lower sentence, but concluded that "[t]hese factors are counterbalanced by defendant's lengthy participation in a conspiracy to distribute a significant amount of cocaine and marijuana, the fact that his relevant conduct involved a drug amount near the top of the drug quantity range of 3.5 to 5 kilograms of cocaine and his reported threats to a government witness while on pretrial release." The court also rejected Seeley's contention that the length of his sentence was unduly long in comparison to his co-defendants, explaining that "[g]iven the defendants' participation in the conspiracy and his possession of a firearm to protect his drug trafficking . . . there is no unwarranted sentencing disparity between his sentence of 105 months and the sentences of his co-defendants." As to Ruiz-Hernandez, the district court stated, after considering arguments related to his youth, lack of serious criminal history, and relatively short involvement in the conspiracy, that "[these factors] are counterbalanced by defendant's awareness of the entire scope of the conspiracy, his six month participation in the ongoing conspiracy and his illegal entry into the United States."

After receiving the district court's statement, we invited the government and both Seeley and Ruiz-Hernandez to file any arguments concerning the ultimate disposition of this appeal; the government and Seeley responded, but Ruiz-Hernandez did not. Seeley challenges his sentence as unreasonable on grounds similar to those he presented to the district court, arguing that given his limited criminal history and extensive family connections "[n]othing in [his] background suggests that he is a risk to reoffend," and that his sentence is excessive in comparison to those received by his co-defendants. The government argues that the district court adequately considered and rejected both arguments.

Our review of the reasonableness of a district court's sentencing determination within an applicable Guidelines range is deferential. See *Mykytiuk*, 415 F.3d at 608 (commenting that "it will be a rare Guidelines sentence that is unreasonable"). Perhaps the district court could have concluded, after considering Seeley's individual circumstances and the sentences of his co-defendants, that a lower sentence was warranted. We cannot say, however, that the court's contrary conclusion was unreasonable. The district court was entitled to conclude on the basis of these facts, for example, that Seeley's drug use was not a mitigating factor, but instead was a reason to impose a longer sentence that would "protect the community and provide the defendant with adequate time to participate in substance abuse treatment." Similarly, although Seeley's sentence was comparable to those of co-defendants who possessed larger drug quantities, Seeley alone was found to have possessed a firearm, an enhancement factor that reasonably led the district court to conclude that there was no unwarranted sentencing disparity.

As for Ruiz-Hernandez, he has not presented any arguments based on § 3553(a) and thus has failed to rebut the presumption of reasonableness that attaches to his sentence, which falls within the applicable Guidelines range. We therefore find his sentence reasonable.

Accordingly, we **AFFIRM** the judgment of the district court.